## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Eclipse IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. _____** |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| Abercrombie & Fitch Co., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eclipse IP LLC ("Eclipse") complains of defendant

Abercrombie & Fitch Co. ("Abercrombie") as follows:

### Nature of Lawsuit

1.      This is a suit for patent infringement arising under the patent

laws of the United States, Title 35 of the United States Code § 1 et seq.  This

Court has exclusive jurisdiction over the subject matter of the Complaint

under 28 U.S.C. §§ 1331 and 1338(a).

### Parties and Patents

2.      Eclipse is a company organized and existing under the laws of

Florida and having a principal place of business address at 115 NW 17th

Street, Delray Beach, Florida 33444.

3.      Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 7,319,414 ("the '414 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia" (Exhibit A); United States Patent No. 7,482,952 ("the '952 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (Exhibit B); and United States Patent No. 7,119,716 ("the '716 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (Exhibit C) (collectively, "the Patents-in-Suit").

4.      On information and belief, Abercrombie is a corporation organized and existing under the laws of Delaware.

5.      On information and belief, Abercrombie does regular business in this judicial district and has committed acts of infringement in this judicial district.

## Jurisdiction and Venue

6.      This Court has personal jurisdiction over Abercrombie because Abercrombie transacts continuous and systematic business within the State of Texas and this judicial district; is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this

judicial district; and has committed the tort of patent infringement in this judicial district.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## **Defendant's Acts of Patent Infringement**

8.     Abercrombie has infringed one or more claims of the '414 patent through, among other activities, providing electronic notification communications to customers in connection with online orders, which contain authentication information in the form of links to Abercrombie's website(s).

9.     Abercrombie has infringed one or more claims of the '952 patent through, among other activities, providing electronic notification communications to customers in connection with online orders, which inform them of a change in the order status, and allow the customers to make a change or cancellation regarding the order.

10.     Abercrombie has infringed one or more claims of the '716 patent through, among other activities, storing customers' contact data in memory and providing notification communications to the customers which enable them to change the contact data.

11.     Prior to filing this complaint, Eclipse, by letter, informed Abercrombie of its infringement of the Patents-in-Suit, and offered to enter into a licensing arrangement that would allow Abercrombie to continue practicing the inventions claimed in the Patents-in-Suit.

12.     Abercrombie, however, chose not to enter into a licensing agreement with Eclipse.

13.     Rather, with knowledge of the Patents-in-Suit and in disregard of Eclipse's patent rights, Abercrombie chose to continue its infringement.

14.     Accordingly, in infringing the Patents-in-suit, Abercrombie has acted knowingly, willfully, and with the intent to induce others to infringe the Patents-in-Suit.

15.     Abercrombie has actively induced and/or contributed to the infringement by others of one more claims of each of the Patents-in-Suit.

## Claims for Relief

### Count I
### (Patent Infringement of U.S. Patent No. 7,319,414
### Under 35 U.S.C. § 271, et seq.)

16.     Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 15 above.

17.     On January 15, 2008, United States Patent No. 7,319,414, entitled, "Secure Notification Messaging System and Methods Using

Authentication Indicia" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '414 patent. A true and correct copy of the '414 patent is attached as Exhibit A to this complaint.

18.     Eclipse is informed and believes, and thereupon alleges, that Abercrombie: (1) has infringed and continues to infringe claims of the '414 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '414 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '414 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## Count II
### (Patent Infringement of U.S. Patent No. 7,482,952 Under 35 U.S.C. § 271, et seq.)

19.     Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 18 above.

20.     On January 27, 2009, United States Patent No. 7,482,952, entitled, "Response Systems and Methods for Notification Systems for Modifying Future Notifications" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire

right, title and interest in and to the '952 patent. A true and correct copy of the '952 patent is attached as Exhibit B to this complaint.

21.     Eclipse is informed and believes, and thereupon alleges, that Abercrombie: (1) has infringed and continues to infringe claims of the '952 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '952 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '952 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## Count III
### (Patent Infringement of U.S. Patent No. 7,119,716 Under 35 U.S.C. § 271, et seq.)

22.     Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 21 above.

23.     On October 10, 2006, United States Patent No. 7,119,716, entitled, "Response Systems and Methods for Notification Systems for Modifying Future Notifications" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '716 patent. A true and correct copy of the '716 patent is attached as Exhibit C to this complaint.

24.     Eclipse is informed and believes, and thereupon alleges, that Abercrombie: (1) has infringed and continues to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '716 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against Abercrombie and against each of the its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

(a)     An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

(b)     An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285, including enhanced damages up to and including trebling of Eclipse's damages for Abercrombie's willful infringement, and reasonable attorneys' fees and costs; and

(c)     Such other and further relief as this Court or a jury may deem

proper and just.

## **Jury Demand**

Eclipse demands a trial by jury on all issues so triable pursuant to

Federal Rule of Civil Procedure 38.

Respectfully submitted this 18th day of March, 2013.

Respectfully submitted,

GILLAM & SMITH, LLP

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 S. Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com

*s/ Matthew S. Harman*
Matthew S. Harman
Georgia Bar No. 327169

HARMAN LAW LLC
4279 Roswell Road
Suite 102-273
Atlanta, Georgia 30342
Telephone:  (404) 869-1119
Facsimile:  (404) 424-9370
Email:
mharman@harmanlaw.com

Attorneys for Plaintiff